F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 5 2008

GREGORY C. LANGHAM
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. '08 - CV - 01650 *BnB*

**(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)**

OLOYEA D. WALLIN,

      Petitioner,

v.

JAMES ABBOTT - Colorado Territorial Corrrecional [sic] Facility Warden,

      Respondent.

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PETITIONER TO CURE DEFICIENCY

---

      Petitioner has submitted a Prisoner's Motion and Affidavit for Leave to Proceed
Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and a document titled
"Motion for Appointment of Counsel and Motion to Stay Proceedings." As part of the
Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the
submitted documents are deficient as described in this Order. Notwithstanding the
deficiency, the Clerk of the Court will be directed to commence a civil action. Petitioner
will be directed to cure the following if he wishes to pursue his claims. Any papers
which Petitioner files in response to this Order must include the civil action number on
this Order.

The Court further notes that in Petitioner's Motion for Appointment of Counsel and Motion to Stay Proceedings he requests appointment of counsel pursuant to Criminal Justice Act 18 U.S.C. § 3006A and a stay of the proceedings for ninety days so that appointed counsel may "construct the petition for Writ of Habeas Corpus." "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).

The Court finds that Petitioner's request for appointment of counsel is premature. The complexity of Petitioner's claims can not be established by the Court until Petitioner presents to the Court the claims he intends to raise. Furthermore, Petitioner has no constitutional right to counsel simply so that he may search for claims to raise in his § 2254 action. As for staying the proceedings so that either Petitioner or a counsel may "construct" a habeas petition, Petitioner's basis for granting a stay lacks merit. Petitioner's Motions, therefore, will be denied.

**28 U.S.C. § 1915 Motion and Affidavit:**

(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing required financial information
(5) ___ is missing an original signature by the prisoner
(6) ___ is not on proper form (must use the court's current form)
(7) ___ names in caption do not match names in caption of complaint, petition or habeas application

(8) __ An original and a copy have not been received by the court. Only an original has been received.
(9) __ other:_____.

**Complaint, Petition or Application:**
(10) _X_ is not submitted
(11) __ is not on proper form (must use the court's current form)
(12) __ is missing an original signature by the prisoner
(13) __ is missing page nos. ___
(14) __ uses et al. instead of listing all parties in caption
(15) __ An original and a copy have not been received by the court. Only an original has been received.
(16) __ Sufficient copies to serve each defendant/respondent have not been received by the court.
(17) __ names in caption do not match names in text
(18) __ other _____

Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this

matter. It is

FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel is

DENIED as premature and his Motion to Stay Proceedings is DENIED for lack of

merit. It is

FURTHER ORDERED that Petitioner cure the deficiency designated above

**within thirty days from the date of this Order.** Any papers which Petitioner files in

response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Petitioner, together with

a copy of this Order, two copies of the Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 form. It is

3

FURTHER ORDERED that if Petitioner fails to cure the designated deficiency **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED at Denver, Colorado, this 4th day of August, 2008.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **'08-CV-01650**

Oloyea D. Wallin
Prisoner No. 111389
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on _8/5/08_

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk