IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 10 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01650-BNB

OLOYEA D. WALLIN,

    Applicant,

v.

JAMES ABBOTT, Warden, Colorado Territorial Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Oloyea D. Wallin is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Correctional Territorial Correctional Facility in Cañon City, Colorado. Mr. Wallin initiated this action by filing a *pro se* "Motion for Appointment of Counsel and Motion to Stay Proceedings," on July 29, 2008. Magistrate Judge Boyd N. Boland ordered the action commenced, found Mr. Wallin's request for counsel premature, and instructed Mr. Wallin to file his claims on a Court-approved form used in filing 28 U.S.C. § 2254 actions. After requesting two extensions, Mr. Wallin filed his federal habeas corpus claims on a proper Court-approved form. Mr. Wallin is challenging the validity of his conviction in the Arapahoe County District Court of the State of Colorado in Case No. 00CR805.

In an order filed on November 20, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents

intend to raise either or both of those affirmative defenses in this action. On December 9, 2008, Respondents filed their Pre-Answer. Mr. Wallin, subsequently, filed a Reply on January 28, 2009.

The Court must construe liberally the Application and the Reply because Mr. Wallin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Wallin asserts that he pled guilty to one count of felony menacing, a class four felony, and was sentenced to four years in community corrections. He further asserts that he did not file a direct appeal, but that he did file a postconviction motion on December 10, 2001, in the state trial court, that the trial court denied the motion, and that the denial was affirmed on August 16, 2007, by the Colorado Court of Appeals. Mr. Wallin further contends that he filed an appeal to the state's highest court, but he does not assert when or if a decision was entered or is available. The Court received the instant action for filing on August 8, 2008.

Respondents assert in the Pre-Answer that Mr. Wallin first was sentenced on August 15, 2001, but that he was resentenced on November 20, 2001.[1] Respondents further concur that Mr. Wallin filed a postconviction motion on December 10, 2001, but that the motion was denied by the trial court on February 2, 2002, and Mr. Wallin did

---

[1] Respondents refer to November 20, 2001, as the date of his resentencing. The LexisNexis Docket they attached to the Pre-Answer indicates that Mr. Wallin was resentenced on November 30, 2001.

2

not appear to have appealed the denial order. Respondents further state that the state trial court reduced Mr. Wallin's sentence on November 5, 2002, and that he filed a second postconviction motion on April 23, 2004, which was denied by the Colorado Court of Appeals, on January 11, 2006, and in which a petition for writ of certiorari was denied by the Colorado Supreme Court, on June 16, 2008.

Mr. Wallin asserts six claims for relief in the Application. Respondents concede in the Pre-Answer that Mr. Wallin's Application is timely,[2] but they argue, in summary fashion, that all six claims are procedurally barred in state court as successive and as untimely. In his Reply, Mr. Wallin argues that he has raised all of his claims in the Arapahoe District Court of Colorado in postconviction motions. He further asserts that the district court did deny one of his postconviction motions as untimely and failed to rule on the issues raised in the motion, but he appealed the successive and time-bar issues, and the state court of appeals ruled that his postconviction motion was not successive. He contends that after the state court of appeals found that his postconviction motion was not successive he refiled his postconviction motion in the state trial court. Mr. Wallin further states that the trial court denied the motion on December 31, 2008, he appealed the denial, and he has filed opening briefs in his appeal in the state court of appeals.

---

[2] Although Respondents concede timeliness, they fail to address the time during which Mr. Wallin did not have a postconviction motion or collateral proceeding pending in state court, including the time from March 20, 2002, the day after his first postconviction motion would have become final, (if indeed Mr. Wallin's first postconviction motion was denied on February 2, 2002, and he failed to appeal the denial, as Respondents claim, his first postconviction motion would have been final on March 19, 2002), until April 22, 2004, the day prior to when he filed a second postconviction motion.

3

Based on a review of Mr. Wallin's Reply, the LexisNexis Docket Sheet that was filed by Respondents as Appendix A to their Pre-Answer, and Mr. Wallin's Opening Brief filed in *People v. Wallin*, 06CA379 (Colo. App. Aug. 16, 2007), that was filed by Respondents as Appendix B to their Pre-Answer, the Court finds that Mr. Wallin's claims may not be procedurally barred, as Respondents argue.

Nonetheless, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Since Mr. Wallin asserts he has an appeal pending before the state court of appeals addressing his claims, and Respondents have failed to address the status of the November 17, 2008, postconviction motion noted on the LexisNexis Docket, (App. A at 28), in Case No. 00CR805, there is insufficient evidence to find that Mr. Wallin's unexhausted claims are procedurally barred under either Colo. R. Crim. P. 35(c)(3)(VI) or Colo. Rev. Stat. § 16-5-402. Therefore, the Court will dismiss the action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 13 day of February, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01650-BNB

Oloyea D. Wallin
Prisoner No. 111389
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215- 1010

Paul Koehler
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/13/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk